# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2010

No. 09-51126
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAIME MARTINEZ-SEGURA, also known as Jaime Segura, also known as
Jaime Martinez, also known as Jaime Segura-Martinez, also known as Jamie
Segura-Martinez, also known as Jamie Segura, also known as Jamie Martinez,
also known as Jamie Martinez-Segura, also known as Juan Torrido-Hernandez,
also known as Juan Rodriguez-Rosales,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No.1:09-CV-391-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jamie Martinez-Segura appeals the 70-month sentence imposed by the
district court after his guilty plea to illegal reentry following deportation.  He
argues that the sentence was substantively unreasonable because it was greater
than necessary to meet the sentencing goals of 18 U.S.C. § 3553.  He also argues

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for the first time on appeal that the "problematic manner" in which the illegal reentry Sentencing Guideline is formulated resulted in his criminal record being double counted.    Finally, Martinez-Segura argues that his offense was nonviolent and that the sentence failed to reflect his personal history, including that his motive for returning to the United States was so that he might care for his disabled girlfriend.

When the district court imposes a sentence within a properly calculated Guidelines range and gives proper weight to the Guidelines and the Section 3553(a) factors, this court gives great deference to the sentence and will infer that the sentencing court "considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.) (internal quotation marks and citation omitted), *cert denied*, 129 S. Ct. 328 (2008).    "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Id.*

It is arguable that Martinez-Segura's arguments should be reviewed for plain error only.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Even under an ordinary standard of review, though, his arguments lack merit.  We have rejected the argument that double-counting of prior criminal offenses necessarily renders a sentence unreasonable.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). Further, although his reentry offense was not necessarily a crime of violence, Martinez-Segura has a history of repetitive and undeterred criminal conduct. He committed a series of illegal entries and engaged in alien smuggling.

Martinez-Segura has not shown that the within-Guidelines sentence was substantively unreasonable.  *See Campos-Maldonado*, 531 F.3d at 338.

AFFIRMED.